E-FILED
Friday, 16 August, 2019 02:12:16 PM
Clerk, U.S. District Court, ILCD

```
                        IN THE
              UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTICT OF ILLINOIS
THOMASPOWERS                    )
PLAINTIFF                       )
VS.                             )    CASE NO.  NEW COMPLAINT
TRAVIS SMITH et al.             )
DEFENDANTS                      )
```

## CIVIL RIGHTS COMPLAINT
## PURSUANT TO 42 U.S.C. 1983

**JURISDICTION:**

1. THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO THE CIVIL RIGHTS ACT 42 U.S.C. 1983 et seq, THE JUDICIAL CODE 28 U.S.C. 1331 AND 1343, AND SUPPLEMENTARY JURISDICTION OF ILLINOIS STATE LAW CLAIMS ARISING OUT OF THE SAME NUCLEUS OF FACTS PURSUANT TO 28 U.S.C. 1367 (a).

2. THIS COURT HAS AUTHORITY PURSUANT TO 2201 AND SECTION 2202 TO PROVIDE APPROPRIATE DECLARTORY RELIEF TO MATTERS WITHIN ITS JURISDICTION, AND ALSO HAS AUTHORITY UNDER 42 U.S.C. 1988 TO AWARD ATTORNEY FEES AND COST TO SUCCESSFUL CIVIL RIGHTS PLAINTIFF'S.

**VENUE:**

3. VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. 1391 (b)(2) BECAUSE THIS IS WHERE THE CONSTITUTIONAL BREACH OCCURRED.

**PARTIES:**

4. THE PLAINTIFF  THOMAS POWERS , WAS AT ALL TIMES RELEVANT OF THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF AMERICA, AND AS SUCH IS GUARENTEED ALL THE RIGHTS, PRIVELEGES, IMMUNITIES, AND SAFEGARDS OF THE UNITED STATES CONSTITUTION AND IS ENTITLED TO ITS PROTECTIONS. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

4. DEFENDANT TRAVIS SMITH WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF LAW" AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

5. DEFENDANT CURTIS PARSONS WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF LAW" AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

6. DEFENDANT GREGG SCOTT WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF LAW" AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITY.

7. DEFENDANTS JANE OR JOHN DOES WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF LAW" AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HER OR HIS INDIVIDUAL AND OFFICIAL CAPACITY.

FACTS:

8. PLAINTIFF IS NOT BEING HELD FOR OR ACTIVELY SERVING A SENTENCE ANY CONVICTION.

9. PLAINTIFF IS NOT ACCUSED OF, CONVICTED OF, SENTENCED FOR OR ADJUDICATED FOR, VIOLATIONS OF CRIMINAL LAW OR TERMS AND CONDITIONS OF PAROLE, MANDATORY SUPERVISED RELEASE, PROBATION, PRETRIAL RELEASE OR DIVERSIONARY PROGRAM.

10. PLAINTIFF IS BEING DETAINED PURSUANT TO THE ILLINOIS SEXUALLY VIOLENT PERSONS COMMITMENT ACT 725 ILCS 207/1 et seq. FOR PURPOSES OF PSYCHIATRIC TREATEMNT FOR PSYCHOLOGICAL CONDITION THAT HAS BEEN DIAGNOSED BY A DOCTOR AS MANDATING TREATMENT FOR WHICH EVEN A LAY PERSON RECOGNIZED THE NECESSITY FOR MENTAL HEALTH TREATMENT.

11. PLAINTIFF IS HOUSED AT THE ILLINOIS DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY IN THE CARE, CUSTODY AND TREATMENT OF FACILITY DIRECTOR **GREGG SCOTT**.

12. **PLAINTIFF IS NOT A PRISONER OF THE ILLINOIS DEPARTMENT OF CORRECTIONS.**

13. PERSONS WHO HAVE BEEN INVOLUNTARILY COMMITTED ARE ENTITLED TO MORE CONSIDERATE TREATMENT AND CONDITIONS OF CONFINEMENT THAN CRIMINALS WHOSE CONDITIONS OF CONFINEMENT ARE DESIGNED TO PUNISH WHICH SHOULD BE ADDRESSED IN DETERMINING WHETHER A RESTRICTION ON CIVIL COMMITEES RIGHTS IS RELATED TO THE STATE'S LEGITIMATE INTERESTS IN THE SECURITY OF THE FACILITY AND TREATMENT OF THE COMMITTED.

14. ON OCTOBER 12, 2018 STA'S ORRILL AND CHENOWITH WERE CALLED TO MY CELL FOR A SHAKEDOWN. STA 2 TRAVIS SMITH ALSO SHOWED (IT IS VERY UNCOMMON FOR

A STA 2 TO CONDUCT A SHAKEDOWN), IMMEDIATELY SMITH STARTED JAWING WHETHER HE WAS GOING TO BE IN THE "NEXT" FIRST AMENDMENT NEWSLETTER. (PLAINTIFF HAS CO-AUTHORED THE FIRST AMENDMENT NEWSLETTER) SEE: **POWERS VS WILCOXEN CASE 18-4059 USDC-CD PENDING)**.

15. A READING LAMP, EARBUDS AND EDITIONS OF "PAST" NEWSLETTERS WERE CONFISCATED. ALL THIS PROPERTY WAS AUTHORIZED FOR ME TO HAVE AND SMITH WAS NOW DEPRIVING OF THE PROPERTY SOLELY TO PUNISH THE PLAINTIFF.

16. I INFORMED TRAVIS SMITH THAT HE SHOULD PAY FOR MY PROPERTY THAT IS WAS STEALING. I RECEIVED A BEHAVIOR REPORTS FOR "**THREATS AND INTIMIDATION DISRUPTIVE CONDUCT OR EXCESS PROPERTY OR VIOLATION OF RULES**"(CARPET BOMBING) THE BEHAVIOR REPORT ALSO READ: THAT I SAID "YOU CAN PAY ME NOW OR PAY ME LATER".

17. I INFORMED THE CHAIRPERSON OF THE BEHAVIOR COMMITTEE THAT I WOULD LIKE TO KNOW WHO WROTE THE BEHAVIOR REPORT.(DUE TO THERE ARE NO **AUTHORS ON BEHAVIOR REPORTS)**.

18. IT IS THE "UNWRITTEN" POLICY THAT BEHAVIOR REPORTS DO NOT HAVE THE "ACCUSERS"/AUTHORS NAMES ON THEM. THERE IS NO WAY TO CALL WITNESSES OR CONFRONT THE "ACCUSER" WITH THESE REPORTS. I HAVE PERSONALLY INFORMED THE DEFENDANTS OF GREGG SCOTT, CURTIS PARSONS AND TRAVIS SMITH THAT NAMES MUST BE ON THE "BEHAVIOR REPORTS" TO VALID A DUE PROCESS HEARING UNDER **WOLFE VS MCDONALD**_____.

19. IT IS STILL UNDETERMINED THAT WHETHER "DEFENDANT SMITH WROTE THE BEHAVIOR REPORT AND THAT CURTIS PARSONS SIGNED OFF AND ORDER THE SHAKEDOWN. NOTING: THAT BOTH STA'S SHAN ORRILL AND JASON CHENOWITH TOLD THE PLAINTIFF THEY DID NOT WRITE THE BEHAVIOR REPORT AND THAT PARSONS WAS ON DUTY AS "SHIFT COMMANDER".

20. TRAVIS SMITH'S SOLE PURPOSE IS TO PUNISH THE PLAINTIFF. I ASKED SMITH WHY ARE YOU HERE AT THE SHAKEDOWN?(AS STATED STA TWO ARE NORMALLY NOT AT SHAKEDOWNS).

21. TRAVIS SMITH HAS ABUSED MANY OF THE "TDF" RESIDENTS PHYSICALLY AND EMOTIONALLY BY WRITING NON-SUBSTANCE BEHAVIOR REPORTS.

22. TRAVIS SMITH HAS BEEN WRITTEN BY NUMEROUS AUTHORS OF THE FIRST AMENDMENT NEWSLETTER ABOUT HIS ABUSIVE BEHAVIORS.

23. TRAVIS SMITH WROTE THE PLAINTIFF'S BEHAVIOR REPORT ON OCTOBER 12, 2018 BECAUSE OF HIS NAME HAS BEEN IN THE FIRST AMENDMENT NEWSLETTER AND RETALIATED AGAINST THE PLAINTIFF BY WRITING BEHAVIOR REPORT TO PUNISH THE PLAINTIFF.

24. BEHAVIOR REPORTS ARE BROUGHT TO THE PLAINTIFF'S **SVP** COURTROOM TO FORM AN ANTI-SOCIAL PERSONALITY DISORDER.

25. ON MAY 30, 2019, STATE EXPERT KIMBERLY WEITL IN THE MATTER OF **DETENTION OF THOMAS POWERS** CASE NO.12 MR 419 WINNEBAGO COUNTY WROTE AN UPDATED REPORT/EVALUATION **(WITHOUT AN INTERVIEW OF THE PLAINTIFF) BY NOT EXAMING THE PLAINTIFF ONLY BY EXAMING THE PLAINTIFF (THE PATIENT)'S RECORDS (PARTICURILY THE OCTOBER 12, 2018 Travis Smith's BEHAVIOR REPORT TO FORM AN ANTI-SOCIAL PERSONALITY DISORDER. NATURAL LIFE COMMITMENT-ATYPICAL HARDSHIP.**

26. ON OR ABOUT JULY 14, 2019 AFTER THE PLAINTIFF RECEIVED WEITL'S EVALUA-

4.

TION PLAINTIFF INFORMED TRAVIS SMITH THAT HIS OCTOBER 12,2018 BEHAVIOR REPORT MADE IT INTO THE "SVP" EVALUATION. SMITH'S REPLY WAS "GOOD" KEEP WRITING ABOUT ME IN THE NEWSLETTER".

27. ON AUGUST 4,2019 at 10:05am WHILE I WAS WALKING TO THE GYM. I REQUESTED STA MILLS"IF HE WAS GOING TO CALL "ECHO POD" FOR LEGAL COPIES AND ELECTRONIC SCANNING TO THE UNITED STATES DISTRICT COURT?" MILLS STATED "YES, HE WAS". I THEN ASKED MILLS "IF HE WOULD CALL ME AT THE GYM? HE SAID"YES".

28. WITHIN TWENTY MINUTES MILLS CALLED ME AT THE GYM TO LEGAL COPY AND ELECTRONIC SCANNING DOCUMENTS TO THE UNITED STATES DISTRICT COURT.

29. AT APPROXIMATE 10:30 am WHILE I WAS SCANNING STA 2 TRAVIS SMITH INTERRUPTS SAYS "THAT I WAS UNAUTHORIZE MOVEMENT WHEN AT 10:05 am I WAS TALKING WITH A RESIDENT AND HE OFFERED ME WHAT IS CALLED A "SUMMARY RESTRICTION" OF THREE DAYS OF NO GYM AND NO YARD" AND "THAT I MUST SIGN THIS OR A BEHAVIOR REPORT WILL BE WRITTEN AND THE GYM AND YARD RESTRICTION WILL BE DOUBLED".

30. I REFUSED TO SIGN THE "SUMMARY RESTRICTION" AND I TOLD HIM "I DID NOT DO ANYTHING WRONG FOR YOU TO PUNISH ME". I ALSO INFORMED SMITH "THAT I AM ON HEALTH CARE WATCH FOR HIGH BLOOD PRESSURE AND "L3 BULGING DISC" AND THE GYM WILL MINIMIZE PAIN AND ASSISTS IN LOWERING MY BLOOD PRESSURE". SMITH WALKED OFF "STATING I DO NOT CARE YOU SHOULD HAVE THOUGHT ABOUT THAT BEFORE YOU TALKED TO ANOTHER RESIDENT".

31. THIS CERTAINLY SEEM TO ME THAT SMITH DOES NOT LIKE "SPEECH" AND HE EVIDENTLY BELIEVES THAT HE CAN CONTROL WHAT PEOPLE"WRITE AND SAY".

32. ON AUGUST 7,2019 I RECEIVED A BEHAVIOR REPORT BY STA"2"KULHAN (KULHAN NORMALLY IS THE PERSON WHO SERVES BEHAVIOR REPORTS). OF COURSE THAT REPORT DID NOT HAVE A NAME WHO WROTE IT.

33. I REQUESTED STA REYES AND STA MILLS AS WITNESSES.

34. I REPORTED TO THE BEHAVIOR COMMITTEE ON AUGUST 8,2019. SURE ENOUGH STA "4" CURTIS PARSONS IS THERE. THE TICKET IS READ: UNAUTHORIZED MOVEMENT OR VIOLATION OF RULES OR DISOBEY DIRECT ORDER" THAT ON THE ABOVE DATE AUGUST 4,2019 at approximately 10:05 am,RESIDENT THOMAS POWERS WAS IN ROUTE TO THE GYM WHEN HE STOPPED AT CENTRAL TO TALK TO ANOTHER RESIDENT. DUE TO RESIDENT POWERS' AUTHORIZED MOVEMENT,HE WAS OFFERED A SUMMARY RESTRICT FROM YARD OR GYM FOR THREE DAYS. RESIDENT POWERS REFUSED THE SUMMARY RESTRICTION."

35. MY RESPONSE WAS"THAT SMITH SEEMS TO BE TARGETING ME BECAUSE OF THE PAST NEWSLETTER AND I INFORMED SMITH THAT HIS LAST TICKET MADE IT IN MY SVP COURT THROUGH THE STATE EXPERT. IN ADDITION I DID NOT DETER FROM MY PATH TO THE GYM AND I TALKED WITH STA MILLS. SMITH WAS HUNDRED FEET AWAY FROM ME AT THE HEALTH CARE DOOR." I ALSO SAID SMITH OFFERRED ME "SUMMARY RESTRICTION"OF THREE DAYS NO GYM NO YARD. AND ALSO STATED THAT IT WOULD BE DOUBLED AT THIS HEARING". I ALSO SAID THAT IS COMPLETELY PUNISHMENT". PARSON THEN SAID "HE IS RIGHT YES NORMALLY DOUBLE IT". EVIDENTLY SMITH HAS INFLUENCE OVER YOU" MY WITNESSES WERE REFUSED TO BE CALLED.

36. I INFORMED DIRECTOR GREGG SCOTT OF STA"2" TRAVIS SMITH'S RETALIATORY ACTION AND TO KEEP ME AND PROTECT ME FROM SMITH.

5.

37. IMMEDIATELY AFTER THE BEHAVIOR COMMITTEE SMITH CAME OUT OF "NO WHERE" (I THINK HE WAS HIDING IN A BUSH SOMEWHERE) AND WAS TEN FEET BEHIND ME FOLLOWING ME ALL THE WAY TO MY LIVING POD"ECHO". HE WAS MUMBLING SOMETHING I COULD NOT MAKE IT OUT".

38. THERE WAS NO REASON FOR THAT.

39. ON AUGUST 9,2019 DIRECTOR SCOTT SENT "MY REQUEST" TO INVESTIGATOR SEYMOUR WHO TURNED IT OVER TO STA 2 KULHAN. KULHAN AND I DISCUSSED THE REQUEST.

40. I INFORMED KULHAN "THAT T. SMITH IS RETALIATING AGAINST ME. WRITING NON SUBSTANCE HARRASSING BEHAVIOR REPORTS THAT ARE ENDING UP IN STATE EXPERT EVALUATIONS TO ATTEMPT TO KEEP ME HERE FOR THE REST OF MY NATURAL LIFE. HE IS OFFERING ME PUNISHMENT AND AS AN END RESULT I DO NOT FEEL SAFE WITH HIM AROUND ME. SMITH HAS A VERY CHECKERED PAST OF PHYSICAL ABUSE WITH RESIDENTS AND EMOTIONALLY ATTACKING ME AND IT HAS TO STOP".

41. I DO NOT KNOW WHAT KULHAN WROTE BACK TO SEYMOUR AND SCOTT. I REQUESTED THE VIDEO OF AUGUST 4,2019 INCIDENT AT CENTRAL AND THE VIDEO OF SMITH FOLLOWING ME BACK TO MY LIVING POD.

42. ON AUGUST 9,2019 I WAS INFORMED BY POD OFFICER THAT "I AM ON THREE DAY RESTRICTION NO YARD NO GYM." FRIDAY AUGUST 9,2019 to SUNDAY AUGUST 11,2019. I DO NOT HAVE A CELL LARGE ENOUGH EXERCISE IN AND A RESIDENT IS NOT ALLOWED TO EXERCISE IN THE DAYROOM. I FELT THE INABILITY TO STRETCH AND EXERCISE WAS PUNITIVE AND DUE TO ME LAYING IN BED FOR THREE DAYS MY BACK HAS BEEN LOCKED UP(**L3 BULGING DISC**). THE IDEA THAT I SUPPOSED IN A TREATMENT CENTER FOR TREATMENT FOR A DIAGNOSIS THAT MANDATES TREATMENT AND BEING PUNISHED FOR "TALKING" TO A"SECURITY THERAPY AID"(**STA**) WHICH APPROXIMATELY WAS LESS THAN A MINUTE AND I DID NOT DETER FROM MY PATH IS"PUNISHMENT".

43. ON AUGUST 12,2019 WHILE I WAS IN A GROUP ROOM. TRAVIS SMITH WAS STARING DIRECTLY AT ME IN A VERY INTIMIDATING MANNER. I WAS NOT INFORMED OF THE INVESTIGATION ABOUT T. SMITH BUT HE WAS STILL STALKING ME. IN THE BUBBLE WHILE TRAVIS SMITH WAS THERE. STA LADELY AND PEEPER(MAIDEN NAME) WAS THERE WITH HIM. ALSO ON AUGUST 12,2019 AT 3:30pm PEEPER STOPS ME IN THE HALLWAY AND "STATED YOU WENT TO YARD TODAY AND I WAS TOLD THAT YOU HAVE A TEN DAY NO YARD NO GYM RESTRICTION". I ASKED HER "WHO TOLD YOU THAT TRAVIS SMITH". SHE SAID "NO" AND THAT "SHE DID NOT REMEMBER WHO TOLD HER THAT".

44. NORMAL DAY AT THE **TREATMENT CENTER**. I FEAR THERE IS ALOT MORE TO COME WITH TRAVIS SMITH AND OTHER "STA'S CONSPIRING WITH HIM.

45. PRETRIAL DETAINEES CAN NOT BE PUNISHED PARTICULARILY "MALICIOUSLY AND SADISTICALLY" **SEE: KINGSLEY VS HENDRICKSON 135 SCt.2466/MIRANDA VS. COUNTY OF LAKE 900 F3d 335**   COUNT ONE
**DEFENDANTS TRAVIS SMITH,CURTIS PARSONS AND GREGG SCOTT ARE GUILTY OF VIOLATING THE PLAINTIFF'S RIGHT OF DUE PROCESS AND RETALIATING AGAINST THE PLAINTIFF FIRST AMENDMENT ACTIVITY**

6.

*The Word Condemnation, in the context of Romans 8.1 can mean: Penal Servitude / Punishment following sentence.*

PRAYER FOR RELIEF

WHEREFORE PLAINTIFF RESPECTIVELY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF THE FOLLOWING:

A. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINITT'S RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES.

b. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS PAULA LODGE, JOHNATHAN WATSON, TAMMY TEEL AND CASSANDRA SIMMONS TO STOP DENYING THE PLAINTIFF ADEQUATE TREATMENT AND RETALIATING IN ADDITION OF TIME FOR THE DURATION FOR COMPLETION OF THIS PROGRAM. ADDING SISTO AND SHARLENE CARAWAY.

C. COMPENSATORY DAMAGES IN THE AMOUNT OF FIFTY THOUSAND (50,000.00) DOLLARS AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

D. PUNITIVE DAMAGES IN THE AMOUNT OF FIFTY THOUSAND (50.000) DOLLARS AGAINST EACH DEFENDANT TO DETER ANY OTHER CONDUCT SIMILAR ACTION.

E. A JURY TRIAL ON ISSUES TRIABLE BY JURY.

F. PLAINTIFF'S COSTS IN THIS SUIT.

DATE: 8/15/19

RESPECTFULLY SUBMITTED;

_Thomas Powers_
THOMAS POWERS
17019 COUNTY FARM ROAD
RUSHVILLE ILLINOIS 62681
217-322-3204

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS Oct DAY OF 30 2018.

_Sandra J Hays_
NOTARY PUBLIC

SANDRA J HAYS
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 31, 2019

VERIFICATION

I HAVE READ THE FOLLOWING COMPLAINT AND HERBY VERIFY THAT THE MATTERS ALLEDGED THEREIN ARE TRUE EXCEPT AS TO MATTERS ON INFORMATION AND BELIEF AND AS TO THOSE I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT RUSHVILLE ILLINOIS ON August 15, 2019

_Thomas Powers_
THOMAS POWERS

OFFICIAL SEAL
MISTY D NIEMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 12/07/22

-7-

NOTICE OF FILING

I __Thomas Powers__, DO HEREBY CERTIFY THAT ON THE __15th__ DAY OF __August__ 2019 I SCANNED THE ATTACHED 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT SEEKING BOTH INJUNCTIVE AND MONETARY RELIEF ALONG WITH PLAINTIFFS ATTACHED LEGAL MEMORANDUM OF LAW, THROUGH THE ELECTRONIC FILING SYSTEM LOCATED AT THE RUSHVILLE TDF AT 17019 COUNTY FARM ROAD, RUSHVILLE, ILLINOIS 62681 TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, AND BY MY SIGNATURE THIS I DO HEREBY SWEAR PURSUANT TO 28 U.S.C. 1746.

/s/ __Thomas Powers__

17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681
(217) 322-3204

DATE: __8/15/19__